RANDOLPH PERKINS

*v.*

CATHERINE SAMLER et al.

[Decided May 12th, 1915.]

Evidence in a foreclosure suit *Held* insufficient to show that the mortgage under foreclosure and the bond secured to be paid thereby are fraudulent.

---

*Mr. Randolph Perkins, pro se.*

*Mr. John D. Pierson,* for the defendants.

LEWIS, V. C.

Randolph Perkins, the complainant, seeks to foreclose a mortgage made by Catherine Samler to James B. Wilson, dated March 12th, 1912, and assigned to the complainant by assignment dated March 27th, 1912. The defendant Catherine Samler filed a cross-bill against the complainant and James B. Wilson, the mortgagee and a co-defendant, asking that the said mortgage and accompanying bond be surrendered for cancellation as fraudulent on the payment of the amount of her indebtedness to James B. Wilson.

The principal defendant, Catherine Samler, is eighty-nine years of age. She testifies that all her sons went away from home after her husband died, excepting James, and that none of them have ever rendered her any financial aid. She has known James B. Wilson for many years, and, according to her testimony, she regarded him as her best friend and the one on whom she relied for financial assistance when required. Until a few years ago it is admitted that Wilson was in affluent circumstances, and that he frequently advanced Mrs. Samler money. Wilson says that in the fall of the year 1907 his financial condition no longer warranted him in aiding Mrs. Samler, and that on the 3d of September, 1907, she gave him a note of $1,000 on account of her indebtedness to him. The note bore the endorsement of James H. Samler, her son, and the signature of Mrs. Samler was witnessed by Mr. Arthur D. Tuttle, of Westfield, and on May 29th, 1909, Mrs. Samler gave to Wilson a note for $2,500, which, together with the note of $1,000, was in settlement of their financial transactions covering fifteen years or more. This note is also endorsed by James H. Samler, and the signature of Mrs. Samler witnessed by Miss Fitch.

My review of the testimony leads me to the conclusion that Wilson realizing that Mrs. Samler was reaching a very old age desired to have their financial connections concluded, and for this purpose had her execute the notes for the money due him. It is quite clear from the testimony that her sons did not give her any material assistance and that she relied largely on the kindness of Wilson. After the making of the notes he continued to give her small sums of money, and in 1912, when she applied

to him for more money, he said that if she would execute a mortgage to him to cover a portion of her indebtedness he would raise money on the mortgage and assist her further. The mortgage was accordingly executed.

Wilson testified that he believed that the notes were evidence of indebtedness and that is the reason he did not retain the old papers and memoranda of, loans, and Miss Fitch supports Wilson's testimony as to many of the loans made by him to Mrs. Samler. Mrs. Samler was unable, owing to her failing memory, to tell the court very much about her transactions with Wilson, but said that her son had an account. Upon examination of the son it was found that he had no such account to offer. He produced a few paper fragments and said that they covered all the transactions between his mother and Wilson. The court was not impressed with the sincerity of this witness, for he swears that his name endorsed on the note of September 3d is a forgery, although Arthur D. Tuttle, a disinterested witness, saw him sign it. He also swears that the endorsement on the note of May 28th, 1909, is not his signature. He swears that the bond and mortgage in this case is fraudulent, although he signed the bond in the presence of a reputable lawyer, John R. Elliot. He further swears that the signature on the letter of March 27th, 1912, is not his. The letter is as follows:

"March 27th, 1912.

"*Mr. Randolph Perkins,*
   *15 Exchange Place,*
      *Jersey City, N. J.*

"DEAR SIR—On March 12th I executed a bond and mortgage to James B. Wilson for $2,500. I understand that Mr. Wilson is attempting to negotiate the sale or loan of this mortgage.

"This letter is to inform you that I admit the execution and delivery of the mortgage and that there is no defence to such mortgage.

                    "Yours very truly,
"Witnesses:                    "(Signed)   CATHERINE SAMLER.
    JAMES SAMLER,
    GLADYS L. FITCH."

The complainant in acquiring the mortgage evidently used more than common care, and before paying the balance of the

purchase price he visited the property and saw Mrs. Samler and asked her whether the mortgage on her property which Wilson was endeavoring to sell was all right. Mrs. Samler informed the complainant that it was.

It is unnecessary in disposing of this case to deal with the question of estoppel, as I cannot, on the facts, reach any other conclusion than at the time of the execution of the mortgage there was due from Mrs. Samler to Wilson at least the amount mentioned in the instrument.

I think there must be a decree for the complainant.